UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA AMESTOY, an individual, | Case No. CV13-9084 MWF (AJWx) |
| Plaintiff, | **ORDER ON STIPULATION FOR PROTECTIVE ORDER** |
| vs. | |
| UNITED AIRLINES, a subsidiary or entity otherwise related to UNITED CONTINENTAL HOLDINGS, INC., a corporation and DOES 1 through 100, inclusive, | NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT |
| Defendants. | |

Upon review of the stipulation filed by the parties in this action and GOOD CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED AS FOLLOWS:

1. Any Party may designate items of discovery or other information produced or disclosed to any other Party as confidential and subject to the terms of this Protective Order, so long as any such designation is made in good faith. Items, including documents, tangible things or information, may be designated as confidential if a Party believes in good faith the information contains trade secrets, personal information, competitively sensitive information, sensitive security information, proprietary information, financial information, customer lists, employee information or otherwise confidential information. All documents

1  designated as confidential under this Order shall be marked prior to production by
2  placing the words **"CONFIDENTIAL: ANY USE, COPYING OR**
3  **DISSEMINATION OF THIS DOCUMENT IS GOVERNED BY A COURT**
4  **ORDER"** (or words to that effect) on each page of the document.  Except as
5  otherwise adjudicated by the Court, all items so marked, and all copies, prints,
6  summaries, or other reproductions of such information, shall be subject to this
7  Order.

8        2.    Unless otherwise directed by the Court or through prior written
9  agreement of the Parties, and subject to the limitations of Paragraph 1 above,
10  information and documents subject to this Order shall not be used or shown,
11  disseminated, copied, or in any way communicated to anyone for any purpose
12  whatsoever, other than as required for the preparation and trial of this action,
13  including any appeals.  Any copies, excerpts, summaries, analyses, or other
14  disclosures of, or references to, the substance or contents of any information
15  designated as confidential shall be protected to the same extent as the underlying
16  information.  Except as provided for below and in the paragraphs that follow, the
17  Parties shall keep all confidential information and documents strictly confidential
18  from all persons.  The application of these confidentiality provisions include,
19  without limitation, prohibiting disclosure of any confidential information or
20  documents by the Parties and their counsel to any media outlet, or to any
21  employee, member or affiliate of any media outlet.  The information and
22  documents subject to this Order may be disclosed only to:
23        (a) The actual named Parties, in the case of individual (non-corporate)
24            Parties in this action;
25        (b) In the case of corporate Parties in this action, officers, directors,
26            insurers, in-house counsel and current and former employees of such
27            corporations deemed reasonably necessary by counsel for the
28            prosecution, defense, trial or appeal of this action, including

employees and former employees of such Parties who testify as pretrial or trial witnesses in connection with this action;

(c) In the case of non-parties who are not current and former employees of a corporate party, the author or a former recipient of such information or document;

(d) Counsel (and their staff) who represent the Parties in this action;

(e) Experts or consultants retained by counsel, whether or not they are expected to testify;

(f) The Court and court personnel for any purpose the Court finds necessary;

(g) Jurors and court personnel at trial of this case; and

(h) Stenographic and/or videographic personnel hired to record testimony.

3. Disclosures shall be made to such persons identified in Paragraph 2, and such persons may review such disclosures, only as necessary for purposes of litigating this action. The persons identified in Paragraph 2 shall not otherwise disseminate the information and documents subject to this Order, or the substance of such information or documents.

4. Counsel (and counsel's staff) for the receiving Parties will abide by, and be bound by, the provisions of this Protective Order, and will use due care to ensure that the provisions of the Protective Order are known and adhered to by clients, all persons under counsel's supervision and/or control and any person, firm or corporation who has been retained by counsel to act on the receiving Party's behalf in connection with this litigation.

5. With respect to deposition testimony and any document marked as an exhibit thereto, the designation of confidentiality may be made on the record at the time of the deposition, and the designated testimony shall be subject to the full protection of this Order, unless challenged in accordance with the procedures of Paragraph 14. In the case of testimony not so designated during the course of a

1 deposition, counsel may so designate confidential testimony, within thirty (30)
2 days of the deposition testimony and/or exhibits which contain confidential
3 material, in which case the designated testimony and/or exhibits shall be subject to
4 the full protections of this Order.  Until the thirty (30) day period for notification
5 has elapsed, deposition transcripts in their entirety and all exhibits are to be
6 considered as confidential and proprietary and subject to the provisions of this
7 Protective Order.  If, prior to and/or during the course of a deposition, a witness
8 refuses to be bound by the terms of the Protective Order, the deposition shall be
9 adjourned until application can be made to the Court regarding the deposition.

10  6. Each person given access to documents and information subject to this
11 Order, except those persons identified in paragraph 2(d), (f), and (g) above and
12 except witnesses shown confidential documents for the first time at a deposition or
13 in court where a court reporter is present, must acknowledge this Order and agree,
14 in writing, to be bound by all its terms and conditions.  This requirement must be
15 satisfied by obtaining the signature of the person or persons on a copy of the
16 Agreement to Be Bound By Protective Order attached as Exhibit "A" hereto.  By
17 agreeing to be bound by this Order, each person consents to the jurisdiction of this
18 Court over his or her person for any proceedings involving alleged improper
19 disclosure of documents or information protected by this Order.  Each Party shall
20 maintain the original signed written agreements and a verified list of all experts,
21 consultants or persons to whom the information and documents or copies thereof
22 were revealed.  The list of signatories shall not be revealed to any other person or
23 persons except through court order, which shall only be granted upon a showing of
24 good cause. The Parties agree that a prima facie showing of good cause may be
25 established by evidence that a protected document has been disseminated or used
26 contrary to the terms of this Order (e.g., is in the possession of one not bound by
27 the terms of this Order) and that a reasonable basis exists to find that a particular
28 individual or Party (or agents thereof) improperly used or disseminated the

1  confidential information. The Party that appears to have improperly disseminated
2  the protected document or information shall be required to produce its list of
3  signatories to the Agreement to Be Bound by Protective Confidentiality Order to
4  the Party having claimed confidentiality. If a witness is shown confidential
5  documents for the first time at a deposition or in court where a court reporter is
6  present for delivery on the record, then delivery of this Order on the record shall
7  cause the witness to be bound by this Order, and the witness shall be subjected to
8  the jurisdiction of this Court over his or her person for any proceedings involving
9  alleged improper disclosure of documents or information protected by this Order.

10       7.    If a Party intends to submit to the Court a document marked as
11  confidential either before or during trial, that Party or any other Party may request
12  that such document be placed under seal. If the Parties agree, such request shall be
13  presented to the Court as a stipulated motion. Otherwise, the request shall be
14  presented to the Court as a contested motion. Good cause must be shown for the
15  under seal filing*. The purpose of this provision is to avoid placing documents
16  under seal unnecessarily.

17       8.    Neither this Order nor the designation of any item as confidential shall
18  be construed as an admission that such document, information or testimony would
19  be admissible in evidence in this litigation or in any other proceeding. In addition,
20  this Protective Order does not, of itself, require the production of any information
21  or documents; nor does the existence of this Order constitute an admission or
22  finding that any material marked as confidential is entitled to protection under
23  applicable law.

24       9.    Nothing in this Order shall be deemed a waiver of any Party's right to:
25  (a) oppose discovery on grounds other than that the same constitutes or contains
26  confidential information, or (b) object on any ground to the admission in evidence,
27  at the trial of this action, of any confidential information.

28       10.    If any Party wishes to petition the Court to modify this Order or its

1  application to certain documents or information, the Party shall follow all
2  applicable rules of Civil Procedure and Local Rules in petitioning the Court for
3  relief.
4      11.    All Parties, within sixty (60) days of the final conclusion of all aspects
5  of this litigation, or a dismissed Party within thirty (30) days of that Party's
6  dismissal with prejudice prior to the final conclusion of all aspects of this
7  litigation, shall:
8      (a) Provide to the Party's counsel that originally produced confidential
9          information a copy of all Agreements executed pursuant to paragraph 6,
10         above; and
11     (b) Retrieve all such confidential information, including all copies thereof
12         and all documents identifying such confidential information, in that
13         party's possession, custody or control, or in the possession, custody or
14         control of all such persons to whom the confidential information was
15         disseminated pursuant to paragraph 6 to the extent reasonably possible,
16         and either: 1) return all such confidential information to the Party's
17         counsel that originally produced the confidential information (redacting
18         any work product of the receiving counsel) at the producing counsel's
19         business office or any subsequent address designated by that counsel, or
20         2) completely destroy all such confidential information in the possession
21         of counsel or the party; and
22     (c) Provide a declaration under the penalty of perjury stating that a good
23         faith effort was made to retrieve all such confidential information
24         received and/or disseminated, and that all such confidential information
25         has been either returned or destroyed as indicated in subparagraph (a) and
26         (b) above.
27     12.    Up and until the commencement of trial, but not thereafter, the
28 provisions of this Order relating to the confidentiality of protected documents and

1  information shall remain in full force and effect and continue to be binding, except
2  with respect to documents or information that is publicly available.  This Court
3  retains jurisdiction over all persons provided access to confidential materials or
4  information for enforcement of the provisions of this Order up and until trial is
5  commenced, but not thereafter.

6       13.    Nothing in this Order shall be deemed to preclude any Party from
7  seeking or obtaining, on the appropriate showing, additional protection with
8  respect to the confidentiality of documents or information.  Nor shall any provision
9  of this Order be deemed to preclude any Party from challenging the validity of the
10 confidentiality of any materials or information so designated.

11      14.    If a Party elects to challenge the designation of confidentiality
12 ("Challenging Party") of any document, information or testimony, the Challenging
13 Party shall notify the Party who designated the challenged document ("Designating
14 Party") as confidential of its challenge, in writing.  Once the challenge is raised,
15 the Parties shall promptly confer and make reasonable and good faith efforts to
16 resolve the disagreement without intervention by the Court.  If they are unable to
17 resolve their differences in good faith within ten (10) days of receipt of the
18 challenge, the Challenging Party shall file a request for a ruling from the Court
19 with respect to the confidential treatment of the information at issue within thirty
20 (30) days of completion of the meet and confer efforts.  The Designating Party
21 shall have the burden to prove that the challenged document, information or
22 testimony is entitled to protection under applicable law.  Until such time as the
23 Parties' contentions regarding the confidentiality of documents, information or
24 testimony are fully and finally adjudicated, all documents, testimony or other
25 materials designated by defendants as confidential shall retain their confidential
26 status.  Nothing in this agreement shall be deemed to alter, modify or reduce the
27 burden on any party asserting a privilege to make out all elements of the privilege
28 claimed.

15. It is recognized by the Parties to this Protective Order that documents or testimony may be designated inadvertently or erroneously as confidential, or that such a designation inadvertently or erroneously may be omitted with respect to documents or information that are entitled to such protection. Any Party to this Protective Order may correct its designation or lack thereof within a reasonable time and shall, at its own expense, furnish to all counsel copies of the documents for which there is a change in designation.

16. It is recognized by the Parties that documents or testimony stamped as confidential may be inadvertently disclosed to third parties by a receiving Party. Any receiving Party may correct this inadvertent disclosure without sanction by immediately bringing it to the attention of the producing Party by letter to the producing Party's counsel in which the third Party is identified by name and address. The receiving Party shall further provide an affidavit of counsel confirming that to the best of his or her knowledge the documents and any copies thereof were recovered from the third party.

17. All documents or information produced by the Parties prior to the entry of this Protective Order by the Court shall be subject to the provisions of this Protective Order to the same extent as if such Protective Order had been entered by the Court as of the date such documents or information were produced. Producing Parties shall have thirty (30) days from the date of entry of this Order to designate already-produced materials as confidential. However, documents or information obtained through means other than discovery in this action shall not be subject to this Protective Order.

18. In the event that any person identified in paragraph 2 above who has been provided access to confidential information produced in this action ("Person Served"): (a) is served with a subpoena in another action, or (b) is served with a demand in another action to which he or she is a party, or (c) is served with any other legal process by one not a Party to this litigation, seeking information that

1  has been produced in this action by another Party and which is subject to this
2  Protective Order, the Person Served shall give prompt written notice of such event
3  to counsel of record for the Party that produced the information.  Upon receipt of
4  written notice, the Party which produced the information shall advise the Person
5  Served of that Party's position with respect to the protected information.
6  Thereafter, the Party which produced the information shall assume responsibility
7  for prosecuting any objection to the discovery requests, subpoena or demand, and
8  the Person Served shall cooperate to the extent necessary to preserve the
9  confidentiality of the information.  Should the person seeking access to
10 information take action to enforce such discovery requests, subpoena, demand, or
11 other legal process, the Person Served shall set forth in his response the existence
12 of this Stipulated Protective Order.  Nothing herein shall be construed as requiring
13 the receiving Party to challenge or appeal any order requiring production of the
14 information.
15      19.    This Order shall not prejudice the Parties' rights or arguments
16 regarding whether documents or information used at trial do or do not remain
17 confidential. Such issues will be taken up as a separate matter upon motion of any
18 Party.

21 *For the correct standard, see Oliver v. Kontrabecki, -F·3d-, 2014 WL 1088254,
22 *1(9th Cir. March 20, 2014

# EXHIBIT "A"

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, the undersigned, acknowledge that I will be receiving documents that have been designated confidential and subject to the terms of the Stipulated Protective Order entered in the above-captioned case. I understand that such confidential material is to be provided to me pursuant to the terms and restrictions of the aforementioned Protective Order and acknowledge that I have been given a copy of and have read that Protective Order. I understand that any use by me of documents or information designated confidential under the Stipulated Protective Order, or any portion or summaries thereof, in any manner contrary to the provisions of the Stipulated Protective Order, will subject me to the sanctions of the Court. I hereby agree to be bound by all of its terms.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated this __ day of _____, _____.

_____
*Signature*

_____
*Printed Name*

1    **IT IS SO ORDERED.**

2    DATED: __4/3__, 2014    _____

3                                                  Hon. Andrew J. Wistrich

4                                                  United States Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28